IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SAMMY LEE WOODS JR., | § | |
| | § | |
| *Plaintiff,* | § | SA-17-CV-01209-FB |
| | § | |
| vs. | § | |
| | § | |
| FLAGSTAR BANK, LAKEVIEW LOAN | § | |
| SERVICING, LLC., LOANCARE, LLC, | § | |
| GINNIE MAE, HUGHES, WATTERS | § | |
| &AMP; ASKANASE, LAW FIRM, | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the following three motions: (1) Plaintiff's Affidavit of Facts in Support of Defendant's Ginnie Mae Default Judgment [#17], which the Court construes as Plaintiff's Motion for Default Judgment against Defendant Ginnie Mae; (2) Plaintiff's Affidavit of Facts in Support of Defendant's Hughes, Watters & AMP Askanase Law Firm Default Judgment [#18], which the Court construes as Plaintiff's Motion for Default Judgment against Defendant Hughes, Watters & Askanase; and (3) Defendant Hughes Watters & Askanase, LLP's Rule 12(b)(6) Motion to Dismiss with Prejudice [#21]. After the District Court adopted the undersigned's previous report and recommendation, the Court re-referred this case to the undersigned for disposition of all remaining pretrial matters [#28]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Motion for Default Judgment against Defendant Ginnie Mae [#17] be **DENIED**; Plaintiff's Motion for Default Judgment against Defendant Hughes, Watters & Askanase [#18] be **DISMISSED AS MOOT**; and Defendant Hughes

1

Watters Askanase, LLP's Rule 12(b)(6) Motion to Dismiss with Prejudice [#21] be **GRANTED**. The undersigned further recommends that the District Court dismiss without prejudice Plaintiff's remaining claims against Ginnie Mae *sua sponte*.

## I. Factual and Procedural Background

Plaintiff Sammy Lee Woods, Jr., proceeding *pro se*, filed his Complaint on December 4, 2017 [#3] against Defendants Flagstar Bank, Lakeview Loan Servicing, LLC, Loancare, LLC, Ginnie Mae, and Hughes, Watters & Askanase. Plaintiff's claims concern property located at 7727 Windview Way, San Antonio, TX 78244 and an allegedly unlawful attempt at foreclosure. (Compl. [#3] at 2, 33.) Plaintiff's Complaint, though lengthy, contains very few factual allegations and even lacks a description of the parties so as to distinguish the alleged misconduct of the various Defendants. However, construing Plaintiff's Complaint and other pleadings liberally, it appears that he is alleging that he renegotiated his loan with a new promissory note on August 16, 2016, and this note effectively paid off the loan such that any attempt at foreclosure is unlawful. (*Id.* at 2.) The causes of action asserted in Plaintiff's Complaint are also unclear, but Plaintiff seems to be asserting claims of wrongful foreclosure, breach of contract, fraud, and denial of due process, as well as violations of the Texas Business and Commerce Code §3.603, the Truth In Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the Uniform Commercial Code ("UCC"). (*Id.* at 3–28.) Attached to Plaintiff's Complaint are certain documents that allegedly support his claims. (*Id.* at 33–60.)

Defendants Flagstar Bank, Lakeview Loan Servicing, and Loancare moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), and the undersigned issued a report and recommendation recommending the motion be granted on April 12, 2018

[#19]. In the report, the undersigned concluded that Plaintiff's allegation that he satisfied the amount owed on his loan by submitting a new note to Flagstar Bank did not give rise to any facially plausible claim, as the note attached to Plaintiff's Complaint appeared to be unilaterally drafted and executed by Plaintiff in attempt to modify the loan's terms. Additionally, the undersigned found that Plaintiff's allegation regarding the recording of two lien releases did not give rise to any plausible claim because the releases, though related to the property at issue, concerned a separate loan unrelated to this suit. The undersigned also concluded that Plaintiff failed to plead essential elements of his wrongful foreclosure and breach of contract claims and did not plead with sufficient particularity his claims sounding in fraud so as to satisfy the heightened pleading requirements of Rule 9(b). Finally, the undersigned found that Plaintiff's claims under RILA, Regulation Z, and RESPA were barred by the governing statute of limitations and Plaintiff's UCC and Texas Business and Commerce Code claims failed as a matter of law because these statutes do not govern liens on real property.

Although these findings identified deficiencies in Plaintiff's Complaint that would be applicable as to claims asserted against any Defendant, the only Defendants that had moved for dismissal at the time of the report and recommendation were Defendants Flagstar Bank, Lakeview Loan Servicing, and Loancare. Therefore, on September 21, 2018, the Court adopted the undersigned's recommendation and dismissed Plaintiff's claims against these Defendants only [#28], leaving Plaintiff's claims against Defendants Ginnie Mae and the law firm of Hughes, Watters & Askanase pending.

Immediately prior to the issuance of the undersigned's report and recommendation on the motion to dismiss filed by Flagstar Bank and others, Plaintiff filed the two motions for default judgment that are partly the subject of this second report and recommendation. A few days after

3

the report and recommendation was issued, Defendant Hughes, Watters & Askanase filed its motion to dismiss, which is also addressed in this report. The undersigned addresses each of these motions in turn.

## II. Analysis

**A.     Plaintiff's Motion for Default Judgment Against Ginnie Mae [#17]**

Plaintiff's motion for default judgment against Ginnie Mae should be denied. The record reflects that Plaintiff served Defendant Ginnie Mae with a copy of his Complaint and Summons on January 18, 2018, making Ginnie Mae's answer due on or before February 8, 2018 [#14]. To date, Ginnie Mae has not made an apperance in this action or otherwise responded to the allegations in Plaintiff's Complaint.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion by the plaintiff. Fed. R. Civ. P. 55(b); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages) but must determine whether those facts state a claim upon which relief may be granted. *See United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A defaulting party is deemed to have admitted all well-pleaded allegations of the complaint. *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992).

However, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)

(internal quotation omitted). Default judgments are not favored by the Federal Rules and are considered a "drastic remedy" that should be used only in "extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

The only allegation against Ginnie Mae in Plaintiff's Complaint is that Ginnie Mae is fraudulently claiming to be the holder of Plaintiff's loan, when such loan was in fact extinguished and paid in full. (Compl. [#3] at 24–25.) For the same reasons stated in the undersigned's previous report and recommendation, these allegations, which rest on the implausible assertion that Plaintiff satisfied his loan, are not well pleaded and therefore need not be deemed admitted for purposes of this motion for default judgment. *See Nishimatsu Const. Co.*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded . . . ."). Accordingly, Plaintiff is not entitled to a default judgment against Ginnie Mae, and the District Court should deny Plaintiff's motion.

**B.  Plaintiff's Motion for Default Judgment Against Hughes, Watters & Askanase [#18]**

Plaintiff's motion for default judgment against the law firm of Hughes, Watters & Askanase should be dismissed as moot. Again, a default judgment is available when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(a), (b). Defendant Hughes Watters & Askanase has appeared in this action and is defending against Plaintiff's claims by seeking dismissal of all such claims through its motion to dismiss. Accordingly, Plaintiff's motion for default judgment should be dismissed as moot.

**C.  Defendant Hughes Watters & Askanase, LLP's Motion to Dismiss [#21]**

Defendant Hughes Watters & Askanase seeks dismissal of all of Plaintiff's claims on the basis that any claim asserted against the law firm is barred by the doctrine of attorney immunity

5

and for all of the reasons stated in the motion to dismiss filed by Defendants Flagstar Bank and others. The Court should grant the motion.

Defendant filed its motion to dismiss on April 16, 2018 [#21], making Plaintiff's response due on or before May 3, 2018. *See* Loc. R. CV-7(e)(2) (responses to dispositive motions due within 14 days of service); Fed. R. Civ. P. 6(d) (adding three days for service by other means). To date, Plaintiff has not filed a response to the motion. Accordingly, the Court may grant the motion as unopposed. Loc. R. CV-7(e)(2).

Attorneys enjoy limited immunity from civil liability, with respect to nonclients, for actions taken within the scope of their legal representation of a client. *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016) (attorney immunity under Texas law is properly characterized as immunity from suit, not as a defense to liability); *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (reciting attorney-immunity rule under Texas law). The extent of Plaintiff's allegations against the law firm of Hughes Watters & Askansase is that the law firm represented its client in connection with a foreclosure proceeding. (Compl. [#3] at ¶ 51.) There are no allegations in the Complaint that the law firm took any wrongful act aside from the execution of its duties in representing its client. "Representing a mortgage company and filing a foreclosure action against homeowners who have defaulted on their loan is clearly the kind of conduct an attorney engages in as part of the discharge of his duties in representing a party in a lawsuit." *Udosen v. M & T Bank*, No. CV H-13-1356, 2013 WL 12108571, at *2 (S.D. Tex. Aug. 9, 2013) (internal quotation omitted). Accordingly, Hughes Watters & Askanase is entitled to immunity from Plaintiff's claims asserted in this action, and the law firm's motion to dismiss should be granted on this basis.

Alternatively, the Court should grant Hughes Watters & Askanase's motion to dismiss for the reasons previously stated in the undersigned's prior report and recommendation. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Plaintiff has failed to allege any plausible claim for relief against any Defendant in his Complaint. In reaching this conclusion, the undersigned incorporates its prior reasoning and conclusions as stated in the report and recommendation dated April 12, 2018 [#19] by reference as if set forth herein. For these reasons, as well as Plaintiff's failure to file a response in opposition to the motion, the Court should grant Defendant's motion to dismiss.

**D.     Plaintiff's Remaining Claims Against Ginnie Mae**

If the Court accepts the undersigned's recommendations, the only claims remaining in this suit would be the claims Plaintiff asserts against Ginnie Mae. As discussed *supra*, Plaintiff's Complaint fails to state a plausible claim against Ginnie Mae (or any Defendant). Accordingly, the undersigned recommends that the District Court *sua sponte* dismiss without prejudice these claims under Rule 12(b)(6). The Fifth Circuit has stated that a district court may dismiss an action on its own motion under Rule 12(b)(6) "as long as the procedure employed is fair," i.e., so

long as the court gives Plaintiff notice of the court's intention to dismiss the claims or an opportunity to amend his Complaint. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (quoting 5a Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 301 (2d ed. 1990)). The Fifth Circuit has stated that a *sua sponte* dismissal is more acceptable if the dismissal is without prejudice. *Id.* The undersigned will therefore recommend that the District Court dismiss Plaintiff's claims against Defendant Ginnie Mae without prejudice. Through the objections process, Plaintiff is afforded notice of the undersigned's recommendation and will have an opportunity to file any arguments in opposition to that recommendation.

### III. Conclusion and Recommendation

Having considered the pending motions, the lack of response from Plaintiff, the entire record in this case, and the governing law, it is recommended that Plaintiff's Motion for Default Judgment against Defendant Ginnie Mae [#17] be **DENIED**; Plaintiff's Motion for Default Judgment against Defendant Hughes, Watters & Askanase [#18] be **DISMISSED AS MOOT**; and Defendant Hughes Watters Askanase, LLP's Rule 12(b)(6) Motion to Dismiss with Prejudice [#21] be **GRANTED**. It is further recommended that, after affording Plaintiff notice and an opportunity to object to the recommendation, the District Court *sua sponte* **DISMISS WITHOUT PREJUIDCE** Plaintiff's remaining claims against Defendant Ginnie Mae.

Because all matters referred to the Magistrate Judge have been considered and acted upon, **IT IS HEREBY ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of September, 2018.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE